T.C. Memo. 1998-424


UNITED STATES TAX COURT


DENSON C. AND LINDA C. BRUMLEY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15751-97.                Filed November 25, 1998.


<u>Lorenzo W. Tijerina</u>, for petitioners.

<u>Franklin R. Hise</u>, for respondent.


MEMORANDUM OPINION

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to section 7443A(b)(3) and Rules 180, 181, and 182.[1]  In a notice
of deficiency dated April 23, 1997, respondent determined a
deficiency in petitioners' Federal income tax for the taxable

---

[1]   All section references are to the Internal Revenue Code
in effect for the year in issue, and all Rule references are to
the Tax Court Rules of Practice and Procedure.

year 1994 and an addition to tax under section 6651(a) in the amounts of $4,092 and $1,091.99, respectively.

Petitioners' attorney, Lorenzo W. Tijerina (Mr. Tijerina), filed a timely petition on their behalf on July 22, 1997, disputing the entire amount of the deficiency and addition to tax. At the time of the filing of their petition, petitioners resided in San Antonio, Texas. Respondent filed an Answer on August 25, 1997, and the issues were joined at that time.

On November 20, 1997, the Clerk of the Court served the parties with a notice setting the case for trial on the February 9, 1998, trial session in San Antonio, Texas. The Court's Standing Pre-Trial Order was also served at the same time.

The Standing Pre-Trial Order, among other things, required the parties to: (1) Stipulate all facts to the maximum extent possible; (2) mark all documents and written evidence; (3) identify all documents or materials which either party expects to utilize in the event of trial and exchange said documents 15 days before the first day of the trial session; (4) prepare a trial memorandum substantially in the form attached to the order, and submit it to the Special Trial Judge assigned to the session and the opposing party not less than 15 days before the first day of the trial session; and (5) identify all witnesses in the trial memorandum with a brief summary of the anticipated testimony of such witnesses. The pre-trial order also provided for

appropriate sanctions for noncompliance.  The Court received respondent's trial memorandum on January 28, 1998.  Petitioners' counsel did not submit a trial memorandum.

The case was called from the calendar on Monday, February 9, 1998.  Counsel for petitioners and respondent appeared and were heard.  The parties reported that no basis of settlement was reached and no stipulation of facts had been agreed to and signed.  Respondent stated that he had no contact with Mr. Tijerina and had not received a trial memorandum from petitioners and orally moved that this case be dismissed.  Respondent did not state the grounds for his motion.  Mr. Tijerina made no objection to respondent's oral motion.  Counsel for petitioners stated that he would meet with respondent's representatives in an attempt to settle the case, and, in the event the case was not settled, petitioners would be ready for trial on Wednesday, February 11, 1998.

The case was recalled for trial on Wednesday, February 11, 1998.  Counsel appeared and offered a bare bones stipulation of facts into evidence with two exhibits; namely, petitioners' 1994 Federal income tax return and the notice of deficiency.  The stipulation of facts, together with exhibits, was received into evidence.  Respondent's trial memorandum, received in Washington, D.C., on January 28, 1998, was also filed at trial.  Respondent did not pursue his oral motion to dismiss.  Respondent then

orally moved for summary judgment which we treated as a motion for entry of decision based upon the fact that no further issues remained to be heard in this case. Petitioners' counsel did not dispute the unreported income determined by respondent, but argued that petitioners are entitled to be heard on the issue of deductible business expenses.

Petitioners filed their joint Federal income tax return for 1994 on January 9, 1996. Included as wages on Line 7 of the return was the amount of $31,297 paid by Preneed Marketing Associates to petitioner Linda Brumley (Ms. Brumley). This amount was reported on a Form 1099--MISC. issued to Ms. Brumley by the payor.

Respondent determined in the notice of deficiency that petitioners were subject to self-employment tax for 1994 on the $31,297 received by Ms. Brumley and liable for the addition to tax for failure to timely file their joint Federal income tax return for 1994. This is the only adjustment to petitioners' Federal income tax return for 1994 made by respondent in the notice of deficiency.

In his opening statement on Wednesday, February 11, 1998, Mr. Tijerina conceded that Ms. Brumley was self-employed in 1994 and her income was subject to self-employment tax. However, he claimed for the first time that Ms. Brumley is entitled to certain business expense deductions incurred in earning her

income as an independent insurance agent, the effect of which, if determined to be deductible, would reduce her self-employment income and the resulting self-employment tax. It was at this point that respondent orally moved for a motion for entry of decision.

We deal first with the question of whether we should allow petitioners to raise for the first time, on the date set for trial, the issue regarding their entitlement to deduct certain business expenses in computing net income subject to self-employment tax. We must look at the pleadings to see if this issue is, indeed, a new issue, and, if it is, consider whether trying this new issue places respondent at an unfair disadvantage.

Petitioners argue that the issue of petitioners' entitlement to business deductions is not a new issue because their petition implicitly raises the issue since they have contested the whole amount of the deficiency. Therefore, petitioners contend that respondent had knowledge of the issue and has not been placed at a disadvantage. Petitioners further assert that even if we find that this is a new issue, they should be permitted to amend the petition and raise the issue. Respondent strongly objects to petitioners' attempt to raise this issue contending that it is a new issue raised for the first time on the day of the trial. We believe respondent's objection to be well taken.

This Court has held on numerous occasions that it will not consider issues which have not been pleaded. Foil v. Commissioner, 92 T.C. 376, 418 (1989), affd. per curiam 920 F.2d 1196 (5th Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989 (1975), and cases cited therein at 997. Whether an issue has been properly raised depends upon whether the opposing party has been given fair notice of the matter in controversy. Rule 31(a).

Rule 34 requires that the petition contain clear and concise assignments of each and every error alleged and statements of facts on which petitioner relies to sustain each assignment of error. Rule 34(b)(4) and (5).

Paragraph 4 of the form petition (T.C. Form 2), filed by Mr. Tijerina, states:

> Taxpayers are taking exception to the $4,092.00 increase in tax and the penalty of $1,091.99. Taxpayer has a good faith belief based on his related tax year schedules that he does not owe the cited deficiencies and penalties.

Other than contesting the full amount of the deficiency and addition to tax, the above statement is the only allegation in the petition.

We find that petitioners did not raise the issue of their entitlement to business expense deductions in their petition filed with the Court. Further, there are no other statements or allegations in the petition which raise the issue of offsetting

business deductions in the event this Court should determine that Ms. Brumley's income was subject to self-employment tax.

Rule 41(a) provides that a pleading may be amended once as a matter of course at any time before a responsive pleading is served, and, thereafter, amendment may be made by leave of the Court or by written consent of the adverse party. Prior to trial, petitioners had never requested leave of this Court to amend their petition and did not raise this new issue until the date set for trial of this case. At this late date we will not permit petitioners to amend their pleading.

This case is not one where an issue has been tried by express or implied consent of the parties, in which event we treat the issue as if raised in the pleadings. Rule 41(b). This case presents a situation in which respondent's counsel was faced, on the date of trial, with trying an issue not known to him.

Further, Mr. Tijerina has failed to comply with our Standing Pre-Trial Order. He did not meet with respondent to stipulate facts and exhibits after service of our Standing Pre-Trial Order, and has not submitted a trial memorandum. When asked by the Court why he failed to comply with the requirements of the Standing Pre-Trial Order, Mr. Tijerina offered no satisfactory explanation. Not only did he fail to raise the issue in a trial memorandum so that the Court and respondent would be apprised of

it before calendar call, he did not raise it even at the call of the calendar.

Mr. Tijerina met with respondent for the first time on Monday, February 9, 1998. He had no substantiation for any alleged business expenses. On the following Wednesday, however, Mr. Tijerina claimed that petitioners provided him with some documentation for purported expenses in connection with their self-employment income.

This Court has an interest in promoting respect for the judicial process and encouraging orderly disposition of cases. The Court expects the litigants to respect the judicial process through even-handed enforcement of its Rules, which are designed to serve the just, speedy, and inexpensive determination of each case. See Rule 1(b); see also sec. 7453. If a party is permitted to disregard the procedures established by this Court, unfairness to others and disruption of the Court's processes occur. Attorneys admitted to practice before our Court are presumed to know our Rules of Practice and Procedure and must comply with our orders in a timely manner. We shall not permit petitioners to present evidence in support of the new issue raised at trial.

Pursuant to the stipulation of facts, the attached exhibits, and concessions of petitioners, we find that the $31,297 Ms. Brumley received in 1994 was self-employment income subject to

self-employment tax, and petitioners' 1994 Federal income tax return due to be filed on or before April 15, 1995, was filed on January 9, 1996, and, therefore, was untimely.  Furthermore, petitioners offered no evidence whatsoever that their failure to timely file their return was due to reasonable cause and not due to willful neglect.  In view of the above, respondent is sustained on these issues.

Inasmuch as we have sustained respondent on these two issues, respondent's oral motion for entry of decision is deemed moot.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.